## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| TERTHA LEWIS | ) |  |
|---|---|---|
|     Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 2:09 CV 74 |
|  | ) |  |
| CROSSROADS MEDICAL CONNECTIONS, OMEGA LABORATORIES and FLYING J, INC., | ) ) ) ) |  |
|     Defendants. | ) |  |

## MEMORANDUM AND ORDER

Tertha Lewis submitted a complaint, on the form used for initiating an action under 42 U.S.C. § 1983, naming as defendants her former employer, Flying J, Inc., and two entities which she alleges are involved in conducting random drug screening tests for Flying J. She also submitted an application to proceed *in forma pauperis*, that is, without paying a filing fee, pursuant to 28 U.S.C. § 1915.

Indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. But in order to prevent–

> abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.' Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989). An additional ground for dismissal provided by the statute is if the action seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2)(B)(iii).

A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1989). *See also Flick v. Blevins*, 887 F.2d 778, 780 (7th Cir. 1989), *cert. denied*, 495 U.S. 934 (1990). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton v. Hernandez*, 504 U.S. at 32; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint may be dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim when, accepting its allegations as true, no set of facts consistent with those allegations could be proved which would entitle the plaintiff to relief. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

Section 1983 provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiffs must satisfy two element: she must allege a violation of a right secured by the Constitution or laws of the United States, and she must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988); *Gomez v. Toledo*, 446 U.S. 635, (1980); *accord*, *Baker v. McCollan*, 443 U.S. 137 (1979).

It is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981). The United States Supreme Court has defined the phrase "acting under color of [state] law" as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). If the person whom the plaintiff alleges committed the harm complained of did not act under color of state law, the action against him or her is legally frivolous, and the complaint fails to state a claim on which relief may be

2

granted. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Burrell v. City of Mattoon*, 378 F.3d 642, 649 (7th Cir. 2004).

Plaintiff Lewis alleges in her complaint that her former employer, Flying J., Inc., required her to submit to a random test for drug use, conducted by defendants Crossroads Medical Connections and Omega Laboratories. She alleges that despite the fact that she had not used any drugs, her test was positive for cocaine, and so some mix-up or contamination must have occurred in the lab. Because of the positive result, Flying J terminated her employment. She asked Flying J to conduct a re-test, but was refused. She believes that the two medical entities named as defendants should be held liable for their negligence and for their defamation of her character, and that her former employer should be held liable for violating her "right to have [it] exercise a certain amount of duty of care" by choosing the entities that did the testing and by failing to allow for the possibility that a mistake may have occurred.

Assuming that everything plaintiff Lewis says in her complaint is true—and there is no reason to think otherwise—it is clear that she has been treated harshly and unfairly. That does not mean she has suffered a violation of her rights for which a legal remedy exists in federal court, however. It is plain that the three entities she names as defendants are private companies, and therefore did not act under color of state law. Because the defendants are not state actors, this action cannot be maintained against them under § 1983. *Burrell*, 378 F.3d 642, 649 (7th Cir. 2004).

The court wishes to be clear that it is not penalizing Lewis for filing an otherwise meritorious *federal* action using the wrong legal theory. The court has searched, but cannot find, any federal law which requires that Lewis's former employer conduct a

3

second test, to eliminate the chance of a false positive, before terminating her employment; or which gives Lewis a claim against the entities which may have negligently conducted the test which caused her to be fired. This does not mean that Lewis does not have a viable action she could pursue in *state* court. The court expresses no opinion on that issue, which is solely for Lewis to consider.

For the reasons stated herein, the court **DENIES** the petition to proceed *in forma pauperis,* **DISMISSES** the complaint for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and **DIRECTS** the clerk to **ENTER FINAL JUDGMENT** in favor of the defendants and against the plaintiff.

**SO ORDERED.**

ENTER: June 26, 2009

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT